**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **DEBRA ERIKA MCGARRAH,** | No. 14-15821 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02296-AC |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, United States Magistrate Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before:    **SCHROEDER**, **KOZINSKI** and **TROTT**, Circuit Judges.

**1.** The ALJ may discredit the opinion of an examining doctor only after articulating "specific and legitimate reasons that are supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ here gave reduced weight to the opinions of Dr. Kalman and Dr. Kolin

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

after concluding that their one-time assessments were inconsistent with treatment notes from Dr. Fernandez, who had been McGarrah's psychiatrist for several years. That conclusion is supported by the record. Dr. Fernandez consistently reported that McGarrah had organized thoughts and good judgment. Moreover, Dr. Fernandez indicated on more than one occasion that McGarrah's condition was improving. The moderate limitations described by Dr. Kalman and Dr. Kolin are at odds with the rosier account provided by Dr. Fernandez. When, as here, treating physicians provide differing assessments, the ALJ is entitled to resolve the conflict. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Given that the decision to discredit Dr. Kalman and Dr. Kolin was supported by substantial evidence, we will not revisit that decision on appeal.

**2.** The ALJ did not err in assessing McGarrah's residual functional capacity (RFC). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Dr. Kalman and Dr. Kolin stated that McGarrah could perform simple tasks. Thus, McGarrah's RFC to perform simple tasks adequately captured her moderate limitations.

The ALJ did err by failing to include a limitation to simple tasks in the hypothetical question that she posed to the vocational expert. But this error was harmless. Based on the information provided, the vocational expert opined that the hypothetical worker would be able to perform jobs such as packer and dishwasher. The Commissioner's Dictionary of Occupational Titles identifies both of these jobs as having a specific vocational preparation level of 2, which corresponds to "unskilled work." See Social Security Ruling 00–4p., 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000). "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thus, packers and dishwashers are able to perform simple work. From this it follows that the vocational expert's answer to the hypothetical question would not have been different even if the limitation to simple work had been included as a part of the question. Because the mistake in formulating the question did not "negate the validity of the ALJ's ultimate conclusion," the error was harmless. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

**AFFIRMED.**